United States District Court
Southern District of Texas
**ENTERED**
September 02, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:26-CR-00145 |
| | § | |
| DAVID LOERA | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER OF DETENTION PENDING TRIAL**

A show cause hearing was held today in accordance with the Bail Reform Act, 18 U.S.C. § 3142(f) and 18 U.S.C. § 3148. Defendant was previously granted a bond after a detention hearing was held on February 24, 2026. A petition for action on pretrial release was filed on August 6, 2026 with the Court alleging that Defendant violated conditions 7(m), 7(n), and 7(o) of his bond conditions ordering that he (1) Not use or unlawfully possess a narcotic drug or other controlled substance defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner, (2) Submit to testing for a prohibited substance/alcohol, if required by the pretrial services office or supervising officer, and (3) Participate in a program of inpatient or outpatient substance use treatment, if directed by the pretrial services office or supervising officer. (D.E. 27).

At the hearing today, Defendant pleaded TRUE to the allegations regarding bond conditions 7(n) and 7(o) and NOT TRUE to the allegation regarding bond condition 7(m). The government and U.S. Pretrial Services recommended that Defendant's bond be revoked. Defense counsel requested that Defenant's bond not be revoked and he be placed in an inpatient drug treatment program. The government submitted two exhibits as

evidence without objection: (1) Exhibit 1--Defendant's documented admissions and test results showing positive amphetamines results and (2) Exhibit 2—Paramount Therapy logs showing Defendant's missed appointments. The Court **FINDS** that Defendant violated bond conditions 7(m), 7(n), and 7(o).

The following requires detention of the defendant pending trial in this case:

(1) There is clear and convincing evidence that the Defendant has violated the condition of release; and

(2) Defendant is unlikely to abide by any condition or combination of conditions of release.

The defendant is committed to the custody of the United States Marshal or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

ORDERED on September 2, 2026.

Julie K. Hampton
United States Magistrate Judge